Filed 7/29/14  P. v. Badillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN VINCENT BADILLO,<br><br>    Defendant and Appellant. | H039889<br>(Santa Clara County<br>Super. Ct. No. CC955073) |

In October 2013, pursuant to a negotiated plea, defendant Juan Vincent Badillo pleaded no contest to six felonies that arose out of two incidents that occurred in 2009, including:  one count of first degree robbery, three counts of forcible rape, one count of forcible oral copulation, and one count of forcible sexual penetration.  The trial court sentenced defendant to 38 years in prison and imposed fines and fees.

We appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which stated the case and the facts, but raised no specific issues on appeal.  We notified defendant of his right to submit written argument in his own behalf within 30 days.  That period has elapsed, and we have received no written argument from defendant.  We will affirm.

Defendant and three other men committed a series of robberies against Asian female prostitutes in the cities of San José and Santa Clara. Posing as "clients," defendant and the others gained access to the apartments where the prostitutes worked and robbed them; sometimes the men also committed sex crimes against the women. After he was arrested, defendant told police officers that he and his codefendants targeted Asian prostitutes because these women often worked on their own and did not have security. Defendant estimated that he had participated in 20 to 30 robberies.

At the preliminary hearing, the prosecution presented evidence relating to four separate incidents, focusing on crimes that occurred on August 18 and September 9, 2009. The witnesses included three victims—all of whom testified through Korean interpreters—as well as San José Police Sergeant Johnson Fong and Santa Clara Police Detective Kurt Clarke. The victims' last names were redacted; their first names were Sera, Soo, and Gyue.

### *August 18, 2009 Robbery and Sexual Assault of Soo*

On August 18, 2009, defendant and Tizoc Loredo posed as clients and entered the apartment in the City of Santa Clara where Gyue and Soo were working as prostitutes. Soo went into a bedroom with Loredo. Once inside, Loredo drew a knife and demanded sex. Loredo had both oral and vaginal sex with Soo. He kept the knife in his hand the entire time. After the sexual assault, Loredo and defendant ransacked the apartment and stole a laptop, two iPods, two notebooks, fragrances, $1,000 in cash, and a cell phone.

Gyue testified that in a separate incident before August 18, 2009, defendant and an unidentified man broke into the same apartment while Gyue and another prostitute were

---

[1] The facts are based on the preliminary hearing transcript and the probation report.

present.  (Gyue could not recall the other woman's name.)  The unidentified man forced Gyue to have oral and vaginal sex with him at gunpoint.  Meanwhile, defendant raped the other woman.

*September 9, 2009 Robbery and Sexual Assaults on Sera and Soo*

On September 9, 2009, defendant and Loredo posed as clients and went to the apartment in San José where Soo and Sera were working as prostitutes.  Soo was in a bedroom with a client; Sera answered the door.  Defendant pointed a gun at Sera and both men entered the apartment.

Defendant kicked in the door to the bedroom where Soo was and "put" her client in a closet.  Defendant pointed the gun at Soo and led her out to the living room.  He then took both women into the other bedroom.  Defendant locked Soo in the adjacent bathroom, and forced Sera to have sex with him on the bed.  Defendant pulled Sera's hair as he put his penis in her vagina.

After he was done with Sera, defendant pulled Soo out of the bathroom.  He told Sera to "stand aside" and watch.  He then pulled Soo's hair back and put his penis in her vagina.  Meanwhile, he put his fingers inside Sera's vagina.  Defendant then put his penis in Soo's mouth as he "pulled on her head."

Afterward, defendant and Loredo stole $800 in cash, notebooks, perfume, iPods, and Sera's purse.

Defendant was arrested the following day.  The police administered the *Miranda*[2] warnings; defendant waived his *Miranda* rights and gave a statement.  Defendant admitted that the day before, he had sex with Soo and Sera and digitally penetrated Sera.  He told Sergeant Fong that he had used a replica hand gun.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

## PROCEDURAL HISTORY

In September 2009, the prosecution filed a complaint that alleged 14 felony counts. After a four-day preliminary hearing, defendant was held to answer on 10 counts.

In June 2011, the prosecution filed an information that alleged 10 felony counts arising out of the crimes committed on August 18 and September 9, 2009, including: four counts of first degree robbery (Pen. Code, §§ 211, 212.5, subd. (a); counts 1, 2, 7 and 8);[3] three counts of forcible rape (§ 261, subd. (a)(2); counts 3, 4, and 9); two counts of forcible oral copulation (§ 288a, subd. (c)(2); counts 5 and 10); and one count of forcible sexual penetration (§ 289, subd. (a)(1); count 6). The information also contained enhancement allegations under the "One Strike" law (§ 667.61) that each of the sex offenses (counts 3-6, 9, 10) was "committed . . . during the commission of a burglary in violation of Section 459" (§ 667.61, subd. (e)(2)) and that "the defendant has been convicted in the present case or cases of committing [one of the offenses enumerated in the statute] against more than one victim" (§ 667.61, subd. (e)(4)). If proven true, these allegations would have subjected defendant to mandatory consecutive sentences of 25 years to life on each sex crime count. (§ 667.61, subd. (a), (i).)

On October 30, 2012, the parties entered into a negotiated disposition. Defendant pleaded no contest to one count of first degree robbery (count 1), the three forcible rape counts (counts 3, 4 and 9), one count of forcible oral copulation (count 5), and the forcible sexual penetration count (count 6) in exchange for a sentence of 38 years "top/bottom." In addition, the prosecution agreed to dismiss all of the One Strike enhancement allegations, as well as the charges in counts 2, 7, 8, and 10. The court advised defendant that his "maximum possible sentence," if convicted on all charges and the enhancement were found true, was 200 years to life. The record shows that defendant

---

[3] All further statutory references are to the Penal Code unless otherwise stated.

was advised of and waived his rights, and that he was advised of the consequences of his plea. All counsel stipulated that there was a factual basis for the plea.

On June 28, 2013, in accordance with the plea agreement, the trial court sentenced defendant to 38 years in prison. The court imposed fines, fees, and penalty assessments, including a $10,000 restitution fine (§ 1202.4). The court imposed and suspended a $10,000 parole revocation restitution fine (§ 1202.45). The court advised defendant that he would be subject to a 10-year period of parole supervision. The court also awarded defendant 1527 days of custody credit (1389 actual days and 208 conduct credits per section 2933.1). Pursuant to an agreement of the parties, the court also dismissed the charges pending against defendant in case number C1230190 based on the sentence in this case and in the interest of justice.

## DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436. We find defendant was adequately advised of his rights and the consequences of his plea. Defendant freely, knowingly, and intelligently waived his rights and entered his plea. No sentencing error appears. We conclude there is no arguable issue on appeal.

## DISPOSITION

The judgment is affirmed.

_____
                                                Márquez, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.


_____
Grover, J.

6